UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO J. SANCHEZ,

Plaintiff,

v.  CAUSE NO. 3:21-CV-306-JD-MGG

INDIANA DEP'T CHILD SERVICES,

Defendant.

OPINION AND ORDER

Mario J. Sanchez, a prisoner without a lawyer, is detained in the LaPorte County Jail while awaiting trial on charges of child molesting. He filed an unsigned complaint against the LaPorte County Jail. ECF 1. In response to an order directing him to submit a signed complaint, he submitted a new complaint that dropped the jail as a defendant and added the Indiana Department of Child Services. ECF 6. That complaint is ready to be screened pursuant to 28 U.S.C. § 1915A to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This is the second case Sanchez has filed about his detention and ongoing criminal trial. In *Sanchez v. LaPorte Circuit Court*, No. 3:21-cv-317-JD-MGG (N.D. Ind. May 11, 2021), he sued the LaPorte Circuit Court and the judge in his criminal trial,

alleging that the judge imposed an excessive bail. The court dismissed the case at screening because the state court was an arm of the state when conducting criminal trials and could not be sued under 42 U.S.C. § 1983. Further, the judge had absolute immunity for acts taken in a judicial capacity, such as setting bail. The court warned Sanchez that an action under § 1983 cannot be used to challenge his custody; instead his only federal recourse was in habeas corpus, 28 U.S.C. § 2241. But, the court noted, even in a habeas action federal courts rarely interfere in state criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims.

In this case, Sanchez again challenges the circumstances surrounding his criminal case. He says that he was accused by child services of harming his daughter and grandkids. He has been detained for one year and five months awaiting trial, and because his last lawyer recently withdrew from his case, his trial will be even further delayed. Sanchez contends that his brother found evidence that the victims have lied about everything.

This case is barred by the Eleventh Amendment. The Indiana Department of Child Services cannot be sued in federal court under § 1983. *See Sanders v. Ind. Dep't of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020) ("[N]either a state nor, by extension, a state agency, is a 'person' for the purposes of § 1983."). Because it shares the state's Eleventh Amendment immunity, it cannot be sued under § 1983 in federal court unless the state consents to be sued, unless Congress has abrogated a state's immunity through an unequivocal exercise of valid legislative power, or unless the plaintiff is suing a state official for prospective equitable relief. *See Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d

2

1042, 1043-44 (7th Cir. 2016). Here, Sanchez sued only the Indiana Department of Child Services, so none of the exceptions are applicable. The state has not agreed to be sued in federal court, Congress did not do away with the state's immunity when it enacted § 1983, and he does not sue a state official. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done."). Although he included "Att: Sarah" when listing the department as a defendant, he does not mention "Sarah" in the body of the complaint, so the suit cannot be construed as one against an individual.

Beyond the Eleventh Amendment issues, the underlying claim is that Sanchez has evidence that he is innocent of the crimes and wants the federal court to get involved with the state court proceeding. But "a federal court should decline to enjoin [an ongoing state criminal] prosecution, absent bad faith, harassment, or a patently invalid state statute." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (citing *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)). What this means is that if Sanchez has evidence of his innocence, he needs to present it to the state court during his criminal trial, not file a federal lawsuit.

This complaint does not state a claim for which relief can be granted. Nevertheless, Sanchez may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND**

3

**Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Mario J. Sanchez until **August 10, 2021**, to file an amended complaint; and

(2) CAUTIONS Mario J. Sanchez if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 7, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT